UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARK MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:17 CV 1000 CDP |
| | ) | |
| MICHAEL THOMAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff claims to own the rights to a license granted by defendant Thomas for rights to certain technologies. Plaintiff's complaint alleges that Thomas breached the terms of the license by selling and/or licensing the technologies to third parties, including defendants Rayeman Elements, Inc. ("REI"), and Nationwide 5, LLC. Plaintiff brings claims against defendants for breach of the licensing agreement, patent infringement, and fraud, and also seeks declaratory relief regarding the licensing agreement. Defendants move to dismiss plaintiff's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant Nationwide also seeks a motion for judgment on the pleadings. Fed. R. Civ. P. 12(c).

Having reviewed the complaint in light of the relevant standards,[1] the motions to dismiss and for judgment on the pleadings must be denied at this time. Whether plaintiff may ultimately be entitled to relief on some or all of his claims is not properly before me at this stage of the proceedings. However, he has adequately alleged the necessary elements and is entitled to conduct discovery and present evidence in support of his claims.

Accordingly,

**IT IS HEREBY ORDERED** that the motions to dismiss [27, 30, 32] are denied.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 5th day of September, 2017.

---

[1] The purpose of a motion to dismiss under Federal Rule of Civil Procedure 16(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the court assumes the factual allegations of a complaint are true and construes them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). To survive dismissal, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *Neitzke*, 490 U.S. at 327. "The same standards that govern motions to dismiss under Rule 12(b)(6) also govern motions for judgment on the pleadings under Rule 12(c)." *Ellis v. City of Minneapolis*, 860 F.3d 1106, 1109 (8th Cir. 2017).