UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:17 CV 1000 CDP |
| | ) |
| MICHAEL THOMAS, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Plaintiff Martin claims to own a license granted by defendant Thomas for rights to certain technologies. The license was originally granted by Thomas to M3, a corporation formed to commercialize technologies invented by Thomas. Martin and Thomas each held an interest in M3. Martin was an investor and officer, and Thomas was the founder and an owner. The license grants M3 exclusive rights in identified patents and "technical information." Thomas left M3 and went into business with defendants Rayeman Elements, Inc. ("REI"), and Nationwide 5, LLC. M3 eventually assigned the licensing agreement to Martin in satisfaction of financial obligations. The circumstances surrounding the assignment are hotly contested. M3 is a defunct corporation.

Martin's complaint alleges that Thomas breached the terms of the license by selling and/or licensing the technologies to third parties, including REI and Nationwide. Martin brings claims against Thomas for breach of the licensing

agreement and fraud, and against all defendants for patent infringement. Martin also seeks declaratory relief regarding the scope of the licensing agreement.

Defendants Thomas and Nationwide bring counterclaims against Martin seeking declaratory relief regarding the patents and licensing agreement. Thomas also asserts a breach of fiduciary duty claim against Martin with respect to the assignment of the licensing agreement.[1] With respect to Thomas' amended counterclaim, Martin moves to dismiss Count II, which seeks a declaration that the licensing agreement is void because M3's assignment of the license to Martin was unlawful, and Count IV, which alleges a breach of fiduciary duty. Martin also moves to dismiss Count II of Nationwide's counterclaim, which seeks the same declaratory relief requested by Thomas in Count II of his amended counterclaim. Martin contends that these counterclaims must be dismissed for lack of standing.

Motions to dismiss for lack of standing require the Court to determine whether a party has sufficiently pled an injury. *See Povich v. Combe Inc.*, Case No. 4:16CV97 CDP, 2017 WL 1058850, at *1 (E.D. Mo. Mar. 21, 2017) (analysis is the same whether dismissal sought under Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6)). Dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure is appropriate if the party asserting jurisdiction has failed to satisfy a threshold jurisdictional requirement. *See Herden v. United States*, 726 F.3d 1042,

---

[1] Defendants assert additional counterclaims but they are not at issue in the instant motion.

1046 (8th Cir. 2013).  The court has no subject matter jurisdiction over a case in which the litigant lacks Article III standing.  *Iowa League of Cities v. E.P.A.*, 711 F.3d 844, 869 (8th Cir. 2013).  The party asserting the claim bears the burden of establishing standing.  *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2342 (2014) (party invoking federal jurisdiction has burden of proving standing).  "To establish Article III standing, a plaintiff must show (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *Id.* at 2341 (quotation marks and citation omitted).  When determining whether to dismiss "a complaint for lack of standing," a court is to "constru[e] the allegations of the complaint, and the reasonable inferences drawn therefrom, most favorably to the plaintiff." *Glickert v. Loop Trolley Transp. Development Dist.*, 792 F.3d 876, 880 (8th Cir. 2015) (quotation marks and citations omitted).  "The controversy requirement of the Declaratory Judgment Act is synonymous with that of Article III of the Constitution." *County of Mille Lacs v. Benjamin*, 361 F.3d 460, 463 (8th Cir. 2004) (internal quotation marks and citation omitted).

The dispute here concerns the injury in fact requirement of Article III standing.  "An injury sufficient to satisfy Article III must be concrete and particularized and actual or imminent, not conjectural or hypothetical." *Driehaus*, 134 S. Ct. at 2341 (internal quotation marks and citation omitted).  The test for injury in fact "requires more than an injury to a cognizable interest. It requires that

3

the party seeking review be himself among the injured." *Sierra Club v. Morton*, 405 U.S. 727, 734–35 (1972).

Having reviewed the counterclaims in light of the relevant standards, I will grant the motion to dismiss as Thomas and Nationwide are not parties to the assignment agreement and therefore have no standing to seek declaratory relief regarding its validity. Under Missouri law, "[o]nly parties to a contract and any third-party beneficiaries of a contract have standing to enforce that contract." *Verni v. Cleveland Chiropractic College*, 212 S.W.3d 150, 153 (Mo. banc 2007). This includes suits for declaratory relief. *Carden v. Missouri Intergovernmental Risk Management Assoc.*, 258 S.W.3d 547, 558 (Mo. Ct. App. 2008). As Thomas and Nationwide are not parties to, or the intended beneficiaries of, the assignment agreement between M3 and Martin, Count II of Thomas' amended counterclaim and Count II of Nationwide's counterclaim will be dismissed.

This, however, does not end the inquiry of whether Martin has a valid assignment of rights. "Only a patent owner or an exclusive licensee can have constitutional standing to bring an infringement suit." *Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359, 1364 (Fed. Cir. 2008).[2] Whether Martin has a valid assignment of the licensing agreement such that it grants him standing to

---

[2] "[A] licensee is an exclusive licensee of a patent if it holds any of the exclusionary rights that accompany a patent." *WiAV Solutions LLC v. Motorola, Inc.*, 631 F.3d 1257, 1266 (Fed. Cir. 2010).

4

enforce the patents is certainly an issue in the case, as Martin has asserted claims of patent infringement against all defendants. Defendants contend that Martin has no right to sue for infringement as he does not possess a valid assignment of those patent rights. Martin will have to demonstrate that he has a valid assignment in order to prevail on his claims, and any challenges to the propriety of how those rights were acquired is properly before me in that context. *See Schwendimann v. Arkwright Advanced Coating, Inc.*, 2012 WL 928214, at \*3-\*7 (D. Minn. Mar. 19, 2012).

Thomas' breach of fiduciary duty claim (Count IV) will be dismissed as Thomas is attempting to bring a derivative claim in an individual capacity. *See Nickell v. Shanahan*, 439 S.W.3d 223, 227 (Mo. banc. 2014). Although Thomas argues in his opposition to dismissal that shareholders[3] are permitted to bring direct, individual claims to redress individual wrongs, the injuries alleged in Count IV of his amended counterclaim are not of the type permitted in individual actions by shareholders. *See id.* at 227 (individual actions by shareholders are permitted for claims alleging that they were personally denied the right to inspect corporate records or that they were wrongfully removed from positions as controlling shareholders). As Thomas has now asserted derivative claims in his amended

---

[3] The Court accepts as true for purposes of this motion only that Thomas is a shareholder of M3, although Martin denies that allegation. Neither side bothered to explain this apparent contradiction to the Court. This is but one example of the scattershot briefing of relevant legal and factual issues by both sides in this case.

5

counterclaim (Count V) which include the same allegations as those in Count IV, the issue of Martin's alleged breaches of fiduciary duty remain before me in that context.

Having reviewed the latest round of motion practice, it is clear to me that the parties in this case need to take another hard look at settlement. I recommend they do so with the assistance of a mediator, as they seem unable to appreciate the significant legal and factual hurdles of continued litigation. I will not send out another Order referring this case to mediation unless the parties specifically request that I do so, but I expect them to seriously consider this recommendation.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss counterclaims [74] is granted, and Counts II and IV of Thomas' amended counterclaim [80] are dismissed, and Count II of Nationwide's counterclaim [70] is dismissed.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 21st day of August, 2018.